This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41144**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

      Petitioner-Appellee,

v.

**TANACIA L.,**

      Respondent,

and

**SPIRIT G.,**

      Respondent-Appellant,

**IN THE MATTER OF EDEN G.,
AARON G., and LANDON G.,**

      Children.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
Bradford Dalley, District Court Judge**

Children, Youth & Families Department
Mary McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Richard J. Austin P.C.
Richard J. Austin
Farmington, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}** Respondent-Appellant Spirit G. (Father) appealed following the termination of his parental rights. We previously issued a notice of proposed summary disposition in which we proposed to uphold the underlying decision. Father has filed a memorandum in opposition. After due consideration, we affirm.

**{2}** We set forth the relevant background information and principles of law in the notice of proposed summary disposition. Rather than reiterating, we will focus on the content of the memorandum in opposition.

**{3}** Father continues to challenge the sufficiency of the evidence to establish the reasonableness of the Children, Youth & Families Department's (CYFD) efforts. [MIO 10-14] We remain unpersuaded. As described in the notice of proposed summary disposition, CYFD created a treatment plan and endeavored to engage Father over a period of roughly two years. [CN 3-4] However, Father was both uncommunicative and noncompliant, and he made no apparent progress. We conclude that CYFD's efforts were reasonable, particularly in light of Father's failure to participate. *See State ex rel. Child., Youth & Fams. Dep't v. Patricia H.*, 2002-NMCA-061, ¶¶ 23, 28, 32 N.M. 299, 47 P.3d 859 (explaining that "[w]hat constitutes reasonable effort may vary with a number of factors, such as the level of cooperation demonstrated by the parent," and that "our job is not to determine whether CYFD did everything possible; our task is limited by our statutory scope of review to whether CYFD complied with the minimum required under law").

**{4}** Father now additionally contends that the Department failed to make reasonable efforts because it did not adequately pursue the possibility of a guardianship/placement with the paternal grandparent(s). [MIO 10-14] We disagree. As an initial matter, the record reflects that Father failed to provide the names of any fit and willing relatives for placement, [RP 497] and the paternal grandparent(s) did not apply. [RP 498] In any event, failure to consider an adult relative placement does not provide a basis for overturning the termination of parental rights. *See State ex rel. Child., Youth & Fams. Dep't v. Laura J.*, 2013-NMCA-057, ⬜56, 301 P.3d 860 (indicating that where the termination of parental rights was supported by clear and convincing evidence, failure to investigate a particular relative to placement did not provide a basis for reversal). Even if we were to assume that there might be instances in which pursuit of relative

placement could factor into the reasonable efforts analysis, Father fails to explain how any shortcomings in CYFD's placement decisions in this case outweigh CYFD's other efforts. As indicated in our calendar notice, the termination of Father's parental rights was supported by sufficient evidence of a clear and convincing nature. [CN 3-7] We are not persuaded that the facts bearing upon the district court's decision would have been any different had CYFD made further efforts to investigate placement with the paternal grandparent(s). We therefore conclude that Father has not presented a persuasive argument or authority to show that relief is warranted. *See id.* ¶ 57.

**{5}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{6}    IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**ZACHARY A. IVES, Judge**